

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00374-CR

_____

TREVARES VONN TAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 106th District Court
Lynn County, Texas
Trial Court No. 22-3601, Reed A. Filley, Presiding

June 4, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Trevares Vonn Taylor appeals from the trial court's judgment revoking his deferred adjudication community supervision, adjudicating him guilty of indecency with a child by sexual contact, and imposing sentence. Through four issues, he contends the trial court erred in finding sufficient evidence to revoke his community supervision. We affirm.

### *Background*

Appellant was charged with one count of indecency with a child by sexual contact and pleaded guilty in exchange for deferring the adjudication of guilt. As part of his

community supervision, he was required to abide by certain terms and conditions to which he voiced no objection.

The State moved to adjudicate appellant's guilt not long thereafter. At the hearing on the motion, the State proffered the testimony of appellant's community supervision officer. She said she spoke with appellant after being granted community supervision, explained the terms of and conditions to his continued probation, and explained the consequences of violating them. According to the witness, appellant violated several of them. They included his failure to 1) transfer or surrender any firearms to a local law enforcement agency and provide verification thereof by the requisite date; 2) reside more than 1,000 feet from a place where children commonly gather; 3) pay costs, fines, and fees as required; and 4) complete community service hours.

Appellant testified on his own behalf. Among other things, he told the court he 1) moved several times in an attempt to be compliant, 2) transferred the firearms he owned to a friend of his in Oklahoma, 3) admitted he did not provide proper verification of the transfer by the required date, and 4) acknowledged that he had yet to perform any community service hours.

At the close of the hearing, the court found that appellant violated several terms and conditions as alleged by the State and adjudicated him guilty of indecency with a child by sexual contact. Appellant then received a prison sentence of 20 years.

### Standard of Review

We review a trial court's decision to adjudicate guilt under the standard of abused discretion. *Green v. State*, Nos. 07-19-00411-CR, 07-19-00412-CR, 07-19-00413-CR, 2021 Tex. App. LEXIS 5589, at *7 (Tex. App.—Amarillo July 14, 2021, pet. ref'd) (mem.

op., not designated for publication). The standard, as we described in *Green*, is applied here. So too must we remember that a single violation supports revocation. *Id.* at *7-8.

### *Application*

The trial court found that appellant violated condition #1, among others. Under condition #1, the court obligated him to "[o]bey all orders of this Court and the Community Supervision Officer." One such order consisted of the written direction by a community supervision officer dated April 28, 2023. It pertained to firearms appellant owned and bore the signature of both the officer and appellant. Through it, the officer said appellant was "required to provide a notarized letter indicating that there are no firearms or ammunition in your residence or possession . . . indicate to whom (or what agency) you transferred possession of the above listed items . . . [and] provide this verification no later than the close of business on 5-1-23." At the hearing, the State asked appellant: "[i]s it correct that you did not provide documentation of a transfer or transfer your weapons and ammunition by May 1st?" He answered: "[y]es, ma'am." That is some evidence upon which the trial court could reasonably find that appellant violated condition #1. Appellant argues otherwise, though.

Allegedly, the directive from the supervision officer failed to comply with the terms of article 42A.052 of the Code of Criminal Procedure. That statute addresses modifications to probationary conditions. The argument is of no consequence, however. First, it was not broached to the trial court. Thus, it was not preserved for review. TEX. R. APP. P. 33.1 (requiring preservations of complaints in the trial court). Second, it was not a modification of any prior probationary term issued by the trial court. Rather, it was an order of the community supervision officer, and the trial court had already mandated

3

compliance with "**all orders of** this Court and the **Community Supervision Officer**." (Emphasis added).

Irrespective of whether we may believe the circumstances warranted the adjudication of guilt, the ultimate decision lay with the trial court. And, it had evidence of at least one violation upon which it could decide to grant the State's motion. Therefore, we overrule appellant's issues and affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.